IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TERRY W. WINGROVE<br>9924 Broadway Street<br>North Huntingdon, PA 15642 )<br><br>Plaintiff, )<br><br>and )<br><br>MARGARET A. WINGROVE )<br>9924 Broadway Street )<br>North Huntingdon, PA 15642 )<br><br>New Party Plaintiff, )<br><br>-vs- )<br><br>WYOMING CASING SERVICE INC. )<br>c/o Statutory Agent )<br>Corporation Service Company )<br>50 West Broad Street #1300 )<br>Columbus, OH 43215 )<br><br>and )<br><br>RENE LOPEZ )<br>108 South Reed Avenue #3 )<br>Malvern, OH 46444 )<br><br>Defendants. ) | CASE NO.: 5:19-cv-02148-SL<br><br>JUDGE: SARA LIOI<br><br>**AMENDED COMPLAINT**<br><br>**(Jury Demand Endorsed Herein)** |

Now come the Plaintiffs Terry W. Wingrove and Margaret A. Wingrove, by and through

their attorney, and for their Amended Complaint state as follows:

1

## THE PARTIES

1.      Plaintiffs Terry W. Wingrove and Margaret A. Wingrove at all times relevant hereto, are married and residents of Pennsylvania living at 9924 Broadway Street, North Huntingdon, PA 15642.

2.      Defendant Wyoming Casing Service, Inc. (hereinafter "Wyoming") operating under U.S. DOT# 215259 is, upon information and belief, a foreign corporation organized under the laws of the state of Wyoming with its principal place of business at 198 40th St East, Dickinson, ND 58602.

3.      Defendant Rene Lopez (hereinafter "Lopez"), upon information and belief, resides at 108 South Reed Avenue #3, Malvern, OH 46444. At all times pertinent hereto, Defendant Lopez was employed by and/or was an agent of defendant Wyoming and/or was operating the subject commercial motor vehicle owned by said defendant on its behalf.

## JURISDICTION AND VENUE

4.      This court has jurisdiction with respect to the claims set forth herein pursuant to 28 U.S.C. §1332, in that diversity exists between the parties and the amount in controversy exceeds $75,000.00.

5.      Venue is proper as to this District and Division under 28 U.S.C. §1391(b)(2), as well as Loc. Civ. R. 3.8 in that a substantial part of the events and omissions giving rise to the claim occurred in this District and Division. Further, because the tortious injury in question was caused by an act or omission in this state, this court has personal jurisdiction over Defendants pursuant to Ohio Rev. Code 2307.382.

2

### COUNT I – NEGLIGENCE, PERSONAL INJURY, AND VICARIOUS LIABILITY

6.      The preceding paragraphs are hereby realleged as if fully restated herein.

7.      On or about October 18, 2018, at approximately 4:29 p.m. EST, Plaintiff Terry W. Wingrove was operating a 2017 Peterbilt 389 Semi-Tractor pulling an open flatbed load of 48,000 pounds of commercial steel coils in the northbound direction on Interstate 77 in the City of Canton, County of Stark, State of Ohio.

8.      On or about the aforementioned date and time, defendant Lopez was operating a commercial motor vehicle, specifically a 2008 GMC C5E042 5000 Medium Duty Commercial Truck in a northbound direction on Interstate 77 in the City of Canton, County of Stark, State of Ohio, when suddenly and without warning he negligently and violently changed lanes into Mr. Wingrove's lane causing a collision between the two commercial vehicles. Mr. Lopez was cited and paid a fine as a result of his actions. Further, and as a direct and proximate result of this collision, metal coils crushed the cab of the Plaintiff's vehicle.

9.      Among other things, defendant Lopez negligently failed to:

    a.    Perform the required pre-trip, during-trip and post-trip vehicle inspections;
    b.    Appropriately plan his route of travel;
    c.    Manage space around his commercial motor vehicle;
    d.    Maintain reasonable and safe control of his vehicle;
    e.    Maintain his lane of travel;
    f.    Keep a proper lookout;
    g.    Drive with the correct amount of caution considering the size and weight of his commercial vehicle;
    h.    Reasonably judge the closeness of vehicle around and in front of him;
    i.    Remain alert;
    j.    Exercise caution while traveling in traffic;
    k.    Drive at a speed that would not be hazardous to other traffic;
    l.    Avoid becoming a hazard to the motoring public;
    m.    Exercise due care;
    n.    Safely maneuver his commercial vehicle;
    o.    Drive without confusion or distraction;

   p.  Drive in compliance with the required hours-of-service;

   q.  and, comply with the minimum standards required by the Federal Motor Carrier Safety Regulations, amongst other failures to be specified at trial.

10. Defendant Lopez was further negligent in the care, management and/or operation of his commercial motor vehicle.

11. Defendant Lopez's wrongful conduct constitutes prima facie evidence of negligence and/or negligence per se and was the proximate cause of the multi-vehicle collision involving Mr. Wingrove's vehicle, and the resulting harm and damage to Plaintiff Terry W. Wingrove's person.

12. At all times relevant hereto, Lopez was an employee, agent, leased driver, and/or servant of Defendant Wyoming, and was acting in the course and scope of his agency and/or employment with Wyoming, which is responsible for the conduct of Lopez under principles of *respondeat superior*.

13. Irrespective of the employment/contractual relationship, Wyoming is a motor carrier subject to Federal Motor Carrier Safety Administration (FMCSA) Regulations and State Regulations and therefore responsible for the acts of Lopez as a matter of law.

14. As a direct and proximate result of the defendants' negligence, and the negligence of Wyoming's agents and employees, including but not limited to Lopez, Plaintiff Terry W. Wingrove was caused to suffer serious injuries to his body, including but not limited to L1, L2, L4 transverse process fractures, L3 displaced transverse process fracture, and a mesenteric hematoma, resulting in the need for medical care and treatment and causing conscious pain and physical suffering, shock to his entire nervous and physical systems, and an inability to engage in his usual activities, including his job as a commercial truck driver.

4

15.     Plaintiff further states that as a direct and proximate result of the defendants' negligence, he has suffered a permanent and substantial physical deformity.

16.     Plaintiff Terry W. Wingrove further states that as a direct and proximate result of the defendants' negligence, he has suffered wage loss, incurred hospital and medical expenses, and will continue to incur medical expenses in an amount to be proven at trial.

17.     As a further direct and proximate result of the above mentioned acts of negligence on the part of defendants, Plaintiff Terry W. Wingrove also sustained damage to his personal property contained within the vehicle, the value of which will be proven at the time of trial.

WHEREFORE, Plaintiff Terry W. Wingrove demands judgment against Defendants Wyoming Casing Service, Inc. and Rene Lopez, jointly and severally, for compensatory damages in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00), together with interest, costs, and such other and further relief as this court deems just and equitable.

## COUNT II – DIRECT LIABILITY CLAIMS AGAINST WYOMING CASING SERVICE, INC.

18.     The preceding paragraphs are hereby realleged as if fully restated herein.

19.     The tractor and trailer involved in the subject collision constitute a commercial motor vehicle operated by and under the direct control of Lopez, but was owned and/or leased by and under the control of Wyoming and was being used on behalf of and for the benefit of Wyoming at all times relevant hereto.

20.     The operation, maintenance, and control of the tractor and trailer was governed, licensed, supervised, and regulated by State and Federal regulations, and as such was operated pursuant to a certificate of authority given to Wyoming to operate such vehicles on designated routes and to carry goods for hire by the FMCSA and/or other government regulatory body.

5

21.     In addition, Lopez was not competent and/or legal to operate the subject commercial vehicle at the time of the collision, which incompetence and/or illegality was known or ought to have been known by Wyoming. As a consequence, Wyoming was negligent in entrusting the commercial motor vehicle to Lopez, which negligence was a direct and proximate cause of the injuries and other losses sustained by Plaintiff, all in an amount to be proven at trial.

22.     Plaintiff further states that Wyoming was negligent in hiring, training, supervising, dispatching, route management and/or retaining Lopez as a commercial motor vehicle driver, which resulted in creating a danger and hazard to the traveling public and anyone using public roadways, which wrongful conduct was a direct and proximate cause of the injuries and damages sustained by Plaintiff Terry W. Wingrove as alleged herein, all in an amount to be proven at trial.

WHEREFORE, Plaintiff Terry W. Wingrove demands judgment against Defendant Wyoming Casing Service, Inc. for compensatory damages in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00), together with interest, costs, and such other and further relief as this court deems just and equitable.

## COUNT III – LOSS OF CONSORTIUM

23.     The preceding paragraphs are hereby realleged as if fully restated herein.

24.     The Plaintiff Margaret A. Wingrove is and was at all times herein the wife of Plaintiff Terry W. Wingrove.

25.     As a further direct and proximate result of the above-mentioned acts of negligence of each of the Defendants, Plaintiff Margaret A. Wingrove was caused to lose the love, affection, consortium and/or other services of her husband, Terry W. Wingrove, all to her detriment, amongst any and all other claims for her loss of consortium, both economic or non-economic.

6

WHEREFORE, Plaintiffs, Terry W. Wingrove and Margaret A. Wingrove, pray for judgment against the Defendants, Wyoming Casing Service, Inc. and Rene Lopez, jointly and /or severally, individually and/or collectively, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest, costs, and such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,

*/s/ Jordan D. Lebovitz*

_____
Jordan D. Lebovitz, Esq (0091247)
NURENBERG, PARIS, HELLER
& McCARTHY CO., L.P.A.
600 Superior Avenue E. - Suite 1200
Cleveland, Ohio, 44114
(216) 621-2300; Fax (216) 771-2242
JordanLebovitz@nphm.com

Attorney for Plaintiff

## JURY DEMAND

A trial by jury is hereby demanded on the within action.

Respectfully Submitted,

*/s/ Jordan D. Lebovitz*

_____
Jordan D. Lebovitz, Esq (0091247)
NURENBERG, PARIS, HELLER
& McCARTHY CO., L.P.A.
600 Superior Avenue E. - Suite 1200
Cleveland, Ohio, 44114
(216) 621-2300; Fax (216 771-2242
JordanLebovitz@nphm.com

Attorney for Plaintiff

7