# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TERRY W. WINGROVE, et al., ) | CASE NO. 5:19-cv-2148 |
| ) | |
| Plaintiffs, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OPINION AND |
| ) | ORDER |
| WYOMING CASING SERVICE, INC., et ) | |
| al., ) | |
| ) | |
| Defendants/Third-Party Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| OHIO KENTUCKY STEEL CORP. ) | |
| Now known as LFK Services, Inc., ) | |
| ) | |
| Third-Party Defendant. ) | |

Before the Court in this diversity action arising out of a motor vehicle accident is the motion to dismiss the amended third-party complaint of defendants/third-party plaintiffs Wyoming Casing Service Inc. and Rene Lopez ("Lopez") (collectively "Wyoming"). (Doc. No. 22 ["Mot."]; *see* Doc. No. 18 (Amended Third-Party Complaint ["T-P Compl."]).) The motion was filed by third-party defendant Ohio Kentucky Steel Corp. ("Ohio Steel"). Wyoming opposes the motion (Doc. No. 23 ["Opp'n"]), and Ohio Steel has filed a reply. (Doc. No. 24 ["Reply"].) For the reasons set forth herein, the motion is granted, and the amended third-party complaint, to the extent it seeks contribution, is dismissed without prejudice.

## I. BACKGROUND

Plaintiffs Terry W. Wingrove and Margaret A. Wingrove ("plaintiffs" or "Wingroves") seek compensation for injuries sustained by Terry Wingrove in an accident that occurred on October 18, 2018. (Doc. No. 12 (Amended Complaint) ¶ 7.) According to the amended complaint, Lopez, while acting in the course and scope of his employment with Wyoming Casing Services Inc., negligently changed lanes into [Terry Wingrove's] lane, causing a collision between the two commercial vehicles. (*Id*. ¶¶ 7–8, 12.) Plaintiffs further allege that, as a direct and proximate result of this collision, metal coils crushed the cab of the vehicle operated by Terry Wingrove, causing him serious injuries. (*Id*. ¶¶ 8, 11, 14.) The amended complaint raises claims for negligence, direct liability, and loss of consortium.[1] Wyoming answered, generally denying that it was the proximate cause of the accident, and affirmatively asserting that the accident was either caused by Terry Wingrove's own negligence or the negligence of others not party to this action. (Doc. No. 13 (Answer to Amended Complaint) at 83[2].)

On June 3, 2020, Wyoming filed an amended third-party complaint against Ohio Steel. Wyoming alleges that Ohio Steel "was responsible for and did load the steel coils on the flatbed trailer operated by [Terry] Wingrove." (*Id*. ¶ 4.) According to Wyoming, Ohio Steel "negligently failed to properly load and secure the steel coils so as to prevent them from coming loose during transport." (*Id*.) Wyoming further alleges that Ohio Steel "negligently failed to inspect the straps,

---

[1] This action was initiated in federal court on September 17, 2019 by Terry Wingrove by the filing of a complaint for negligence and direct liability against Wyoming. (Doc. No. 1 (Complaint).) The amended complaint was filed on January 30, 2020, and it added Margaret A. Wingrove as a party plaintiff and inserted a claim for loss of consortium.

[2] All page numbers refer to the page identification number generated by the Court's electronic docketing system

chains and other securement devices to ensure they were safe, free from defect, and capable of securing the load of steel coils." (*Id*. ¶ 5.) This alleged negligence, Wyoming asserts, "was the sole and/or concurrent proximate cause of [Terry Wingrove's] injuries and damages." (*Id*. ¶ 6.) "In the event [plaintiffs] obtain[] a judgment or settlement against" it, Wyoming represents that it is "entitled to common-law indemnification and/or contribution from [Ohio Steel] as a joint tortfeasor." (*Id*. ¶ 7.)

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 555, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts") (internal citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678–79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an

entitlement to relief." *Id*. at 679. "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

### III. DISCUSSION

In its motion to dismiss, Ohio Steel insists that Wyoming cannot maintain a claim against it for indemnification because the allegations in the amended third-party complaint clearly demonstrate that the two parties are, at best, joint tortfeasors. (Mot. at 119.) It further argues that Wyoming has failed to state a claim for contribution under Ohio law because Wyoming has failed to advance any tort claims against Ohio Steel, and has, otherwise, failed to overcome the bar imposed under Ohio law. (*Id*. at 124.) In opposition, Wyoming agrees that it seeks both contribution and indemnification against Ohio Steel, but it only defends its claim for contribution. Notwithstanding its waiver of its indemnification claim, the Court will, in an abundance of caution, address both asserted claims.

#### A. **Indemnification**

It is well settled under Ohio law that "[i]ndemnification is not allowed when the two parties are joint or concurrent tortfeasors and are both chargeable with actual negligence." *Reynolds v. Physician's Ins. Co. of Ohio*, 623 N.E.2d 30, 31–32 (Ohio 1993) (citing *Globe Indemn. Co. v. Schmitt*, 53 N.E.2d 790 (1944)). In *Wheeler v. Lines*, No. 3:13-cv-1174, 2014 WL 11430937, at *1 (N.D. Ohio July 22, 2014), the defendant in an action arising out of an accident on the Ohio Turnpike brought a third-party complaint for indemnification against the tow truck operator whose tow truck was in front of the plaintiff's vehicle at the time of the accident. In the

third-party complaint, the defendant claimed that the tow truck operator's negligence, "in whole or part, caused the accident and resulting injuries." *Id*. In finding the indemnification claim barred by Ohio law, the court emphasized:

> Plaintiff has not sued [the third-party defendant] and thus seeks nothing from him. However, [the defendant/third-party plaintiff] seeks to avoid or reduce its own liability to plaintiff by alleging [the third-party defendant] was wholly or partly responsible for the accident. In essence, then, [the defendant/third-party plaintiff] is alleging that the [third-party defendant] is a joint tortfeasor.

*Id*.

As was the case in *Wheeler*, plaintiffs have not brought suit against the third-party defendant, here, Ohio Steel. Instead, Wyoming seeks to hold Ohio Steel responsible for any liability it may have to plaintiffs by alleging that Ohio Steel was the "sole and/or concurrent proximate cause" of the accident. (T-P Compl. ¶ 6.) In fact, the amended third-party complaint specifically requests indemnification from Ohio Steel "as a joint tortfeasor." (*Id*. ¶ 7.) But under Ohio law, Wyoming cannot recover anything in indemnification from an alleged joint tortfeasor. Wyoming's indemnification claim is, therefore, barred, and it is dismissed with prejudice.

B. **Contribution**

Ohio Steel argues that Wyoming's contribution claim also fails under Ohio law, citing Ohio Rev. Code § 2307.26. (Mot. at 124.) Under that statutory provision, "if, as in this case, no judgment has been entered, contribution among alleged tortfeasors is barred unless the party seeking contribution has either: 1) settled with the injured party; or 2) agreed during the pendency of the action to discharge the common liability." *Wheeler*, 2014 WL 11430937, at *1 (citing Ohio Rev. Code § 2307.26.) Because Wyoming has neither settled with plaintiffs, nor

5

agreed during the pendency of this action to discharge the common liability, Ohio Steel urges the Court to enforce the bar imposed by Ohio Rev. Code § 2307.26.

Wyoming counters that its contribution claim is permissibly brought under another statutory provision—Ohio Rev. Code § 2307.25—which provides, in relevant part:

> Except as otherwise provided in sections 2305.25 to 2305.28 of the [Ohio] Revised Code, if one or more persons are jointly and severally liable in tort for the same injury or loss to person or property or for the same wrongful death, there may be a right of contribution even though judgment has not been recovered against all or any of them. The right of contribution exists only in favor of a tortfeasor who has paid more than that tortfeasor's proportionate share of the common liability, and that tortfeasor's total recovery is limited to the amount paid by that tortfeasor in excess of that tortfeasor's proportionate share….

Ohio Rev. Code § 2307.25(A). Emphasizing that the statute provides for the right of contribution "even though judgment has not been recovered against all or any of them[,]" Wyoming insists that "[a]ll that is required is that the contribution defendant be liable in tort for the same injury attributed to the party seeking contribution." (Opp'n at 130.)

But § 2307.25 also provides that the right to contribution is available under this provision "[e]xcept as otherwise provided in sections 2307.25 to 2307.28 of the [Ohio] Revised Code." Ohio Rev. Code § 2307.25(A). In *King v. City of Columbus*, No. 2:18-cv-1060, 2019 WL 6352611 (S.D. Ohio Nov. 27, 2019), the court considered the tension between §§ 2307.25 and 2307.26. In that civil action arising out of the fatal shooting of a robbery suspect by a police officer, the police officer defendant sought contribution from the suspect's co-conspirators. Addressing the interplay between §§ 2307.25 and 2307.26, the court explained:

> The Court notes that, at first glance, sections 2307.25 and 2307.26 seem to be at odds. Under section 2307.25, even without a judgment against any or all of the tortfeasors who are jointly and severally liable, there may be a right of contribution. Yet under section 2307.26, in apparently the same situation (where no judgment exists), the tortfeasor seeking contribution is barred, unless an

6

>exception applies. Those exceptions explain the friction. When a contribution-seeking tortfeasor who is not subject to any judgment settles with the injured party, the right of contribution is no longer barred. If that happens, then section 2307.25 applies. At that point, the tortfeasor seeking contribution may have that right "even though judgment has not been recovered against all or any of them."

*Id*. at *3 (quoting Ohio Rev. Code § 2307.25(A)). Because the police officer defendant "ha[d] not paid or been found liable for anything," the court ruled that "his right to contribution [was] barred without prejudice, in the event subsequent circumstances change[d] the analysis." *Id*.

Similarly, here, Wyoming has not settled with plaintiffs or agreed to discharge the common liability. Accordingly, Wyoming's right to contribution would be presently barred under Ohio Rev. Code § 2307.26.[3] "Since '[l]eave to implead a third-party defendant, under [Fed. R. Civ. P.] 14(a), is within the discretion of the court,' there appears to be no reason, and [Wyoming] has cited none, to ignore this statute and the bar it imposes." *See, e.g., Berg Corp. v. C. Norris Mfg., LLC*, No. 5:20-cv-0100, 2020 WL 3317478, at *2 (N.D. Ohio June 18, 2020) (dismissing, as premature, defendant's third-party contribution claim against joint tortfeasors under Ohio Rev. Code § 2307.26). Wyoming's third-party claim for contribution is, therefore, dismissed without prejudice.

---

[3] Citing *Martin v. CSX Transp., Inc.*, 617 F. Supp. 2d 662 (N.D. Ohio 2009), Wyoming argues that it need not affirmatively plead it has settled with plaintiffs. (*See* Opp'n at 131.) The decision in *Martin* only dealt with whether the third-party complaint had stated a claim for contribution; it did not address the bar in Ohio Rev. Code § 2307.26. In fact, in *Martin*, notwithstanding the lack of an allegation of settlement, "it [was] undisputed" that the defendant had settled its dispute with the plaintiff. *Martin*, 617 F. Supp. 2d at 664–65. Here, if plaintiffs and Wyoming had settled, the underlying action would be over. Until such an event takes place, Wyoming's contribution claim is simply premature, and the Court exercises its discretion to disallow it.

7

### IV. CONCLUSION

For the foregoing reasons, the motion to dismiss the amended third-party complaint is granted. Wyoming's claim for indemnification is hereby dismissed with prejudice, and its claim for contribution is dismissed without prejudice.

**IT IS SO ORDERED**.

Dated: October 14, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**